ACCEPTED
03-13-00784-CR
8182560
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/10/2015 2:37:02 PM
JEFFREY D. KYLE
CLERK

**KENNETH G. MAHAFFEY**
*Attorney At Law*
P. O. Box 684585
Austin, TX 78768
Phone and Fax (512) 444-6557

December 10, 2015

CERTIFIED MAIL 7008 1300 0001 1357 6343

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/10/2015 2:37:02 PM
JEFFREY D. KYLE
Clerk

James Ray Leach 01893444
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

RE:  **Transmittal of Court of Appeals's Opinion and Judgment Affirming Your Conviction and Information on Filing Petition for Discretionary Review**

Dear Mr. Leach:

I regret to inform you that the Court of Appeals has affirmed your conviction for Assault Family Violence - Impede Breath. The Court's opinion is enclosed. This ruling lets your conviction stand.

I assure you I did my best to convince the Court to grant relief in your case. The Court simply did not agree the law required a different result. Please understand the vast majority of criminal appeals are unsuccessful. This is largely because our legal system accords wide deference to trial decisions.

I was appointed only for the initial appeal to the Court of Appeals. There is no constitutional right to appointed counsel for any further challenges to your conviction. This means you must either hire counsel or proceed pro se. "Pro se" means the appellant or defendant is representing themselves without a lawyer. Since I have other clients and responsibilities, I simply cannot afford to continue your case for free. I also do not accept money from appointed clients so that I never end up in a situation where anyone feels I would have worked harder if paid privately.

You have a right to file a Petition for Discretionary Review ("PDR") with the Court of Criminal Appeals. The Court of Criminal Appeals is the highest court for criminal matters in Texas. That Court does not have to accept all appeals but decides in its "discretion" which cases to review. This means it accepts only exceptional cases where the law is in doubt or the Court of Appeals is clearly wrong. If you are unable to hire other counsel and elect to proceed pro se, the following is an explanation of how to proceed.

A PDR challenges the Court of Appeals' decision. One cannot raise issues from the trial that were not considered by the Court of Appeals. Basically, it is a short brief (15 pages or less) suggesting particular issues for the high court to review and explaining why each issue is important. The rules require you to attach a copy of the Court of Appeals opinion because this is the ruling you are asking the Court to review. The PDR process is generally governed by Rules 66 and 68 of the Texas Rules of Appellate Procedure. You should, of course, review all the Appellate Rules to ensure you are in compliance.

_____

Any PDR is due within **thirty days** after the date the Court of Appeals opinion. The address is as follows: **Court of Criminal Appeals, P.O. Box 12308, Austin TX 78711.** You may also request an extension of time based on the need to obtain the record from the District Clerk.

You should send a copy of the PDR, and any other documents filed with the courts, to the District Attorney and the State Prosecuting Attorney.   Those addresses are as follows: **Llano County District Attorney, P.O. Box 725, Llano, TX  78643** and **State Prosecuting Attorney, P. O. Box 13046, Austin, Texas 78711-3046.**

Finally, you may have complaints about your trial that could not be addressed by this appeal because the record was insufficient to document the issues. Claims not supported by the initial appellate record are not forever barred, they are simply not ready for decision on direct appeal. A proper record can be created by obtaining a hearing through an application for writ of habeas corpus. This will permit you to raise claims such as ineffective assistance of counsel, new evidence, assertions of perjury, and other matters requiring a written record of evidence and testimony.

Habeas corpus is a separate proceeding that cannot begin until after the initial appeal is concluded. Habeas corpus is governed by Art. 11.07 of the Texas Code of Criminal Procedure. You must make the application on a form prescribed for this purpose. That form can be obtained by writing to **Llano District Clerk, 832 Ford Street, Llano, Texas 78643**. The application must also be filed with the district clerk. Be aware that you should raise all claims in the first writ application because the right to file later writ applications is severely limited.

You had also written concerning the substitution of counsel before your trial and inquired about an order concerning appointed counsel fees. I will try to answer your questions.

First, I have previously explained that I do not have any personal knowledge of why your original trial counsel was replaced. You have also never explained why that would have made a difference in your case. If you choose to challenge this by a post conviction writ, you will have to completely explain how this action was improper and how having that particular lawyer would have resulted in a different result in your trial.

Secondly, many counties attempt to recover fees for appointed counsel. This is typically done in probation cases. I do not handle parole cases so I cannot give an accurate description of how parole addresses this. I can tell you that your inability to pay is an affirmative defense to the fees.

_____

Finally, I again assure you I did my best to obtain a new trial in your case. Please understand that I do not like to lose either. I also sincerely wish you all the best in any further challenges to your conviction and for release on parole at the earliest opportunity.

Very truly yours,

Ken Mahaffey

**attachments**: Opinion and Judgment in cause number(s)  03-13-00784-CR